UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MINHA ISLAM,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, P.O. ANGEL
REYNOSO, P.O. YULAMNIA GATON
and P.O.s "JOHN DOE" #1-5 (said
names being fictitious, as the true names are
presently unknown), Individually and in
their Official Capacities.

                Defendants.

------------------------------------------------------------X

**COMPLAINT**
**AND DEMAND FOR**
**JURY TRIAL**

09    3430

VITALIANO. J

GOLD, M.J.

      Plaintiff, MINHA ISLAM, by his attorney, K. E. Richman, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. ANGEL REYNOSO, P.O. YULAMNIA GATON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the Housing Police Service Area 9, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and

constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action

seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the

District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein

pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  At all times relevant hereto, Plaintiff, MINHA ISLAM, was a resident of New

Rochelle, NY.

7.  At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter,

"NYC") is a municipality of the state of New York and owns, operates, manages, directs

and controls the Housing Police Service Area 9 (hereinafter "PSA 9"), which employs the

other named Defendants.

8.  At all times relevant to this action, Defendants P.O. ANGEL REYNOSO, P.O.

YULAMNIA GATON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the

2

true names are presently unknown), are and were police officers employed by the PSA 9 and acting under color of state law.

9. At all times relevant hereto, and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the PSA 9 and NYC, pursuant to their authority as employees, servants and agents of the PSA 9 within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the PSA 9.

## FACTS

11. On August 15, 2007 at approximately 11:51 pm, behind 34-41 21st Street, in the borough of Queens, Plaintiff, Mr. Minha Islam, was falsely arrested by the PSA 9.

12. At this time, Mr. Islam was a 33 year-old Bangladeshi male with no criminal history.

13. On August 15, 2007 at approximately 11:51 pm, P.O. ANGEL REYNOSO arrested Mr. Islam in an open parking lot behind his fiancée's apartment building.

14. P.O. ANGEL REYNOSO arrested and handcuffed Mr. Islam for Criminal Trespass in the Third Degree (P.L. § 140.10(a)) for allegedly having his car in a lot shared by the PSA 9 Ravenswood Satellite and his fiancée's building.

15. Upon questioning, P.O. ANGEL REYNOSO asked Mr. Islam whether he was a U.S. Citizen before placing him into handcuffs.

16. The entire arrest was witnessed by Mr. Islam's fiancée, her family and neighbors who were able to see the parking lot from their apartments above. Mr. Islam's future father-in-law and family pleaded with P.O. REYNOSO to release Mr. Islam with simply a

parking ticket or summons, but to no avail.  Mr. Islam was embarrassed and dishonored in front of his fiancée's family and members of his community.

17. As a result of the false claims against him, Mr. Islam spent approximately 24 hours in custody.

18. During the course of Mr. Islam's pending criminal case, he was required to appear in court at least 24 times over the course of almost a two year period in order to maintain his innocence before the case was ultimately dismissed.

19. On May 12, 2009, before the Honorable Judge of the Queens County Supreme Court, the case against Mr. Islam was dismissed.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

20. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

22. All of the aforementioned acts deprived Plaintiff, MINHA ISLAM, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

23. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

4

procedures, and rules of NYC and the PSA 9, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

26. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
### CONSPIRACY TO VIOLATE CIVIL RIGHTS

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

28. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest the Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. 1983

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

30. As a result of Defendants' aforementioned conduct, Plaintiff, MINHA ISLAM, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

31. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

32. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace.  Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

34. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

35. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

36. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

37. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

38. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

39. The criminal proceedings against Plaintiff were terminated in favor of Plaintiff on May 12, 2009.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

41. Defendants issued legal process to place Plaintiff under arrest.

6

42. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

43. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### SIXTH CLAIM FOR RELIEF:
### ASSAULT

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

45. By the actions described above, including being forcibly placed in handcuffs, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

46. As a consequence thereof Plaintiff, MINHA ISLAM, has been injured

### SEVENTH CLAIM FOR RELIEF:
### BATTERY

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

48. By the actions described above, including being forcibly placed in handcuffs, Defendants intentionally caused and allowed Plaintiff to be handled in an offensive manner.

49. As a consequence thereof Plaintiff, MINHA ISLAM, has been injured.

### EIGHTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

51. Defendants P.O. ANGEL REYNOSO, P.O. YULAMNIA GATON and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown)

arrested Plaintiff, MINHA ISLAM, despite a complete lack of cause against him, notwithstanding their knowledge of said violations of his civil rights would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the PSA 9, all under the supervision of ranking officers of said department.

54. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the PSA 9 included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

55. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 9 constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, MINHA ISLAM.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 9 were the direct and proximate cause of the constitutional violations suffered by Plaintiff, MINHA ISLAM, as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the PSA 9 were the moving force behind the constitutional violation suffered by Plaintiff, MINHA ISLAM, as alleged herein.

8

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, MINHA ISLAM.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

60. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

61. All of the foregoing acts by Defendants deprived Plaintiff, MINHA ISLAM, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. Not to have cruel and unusual punishment imposed upon him; and

    f. To receive equal protection under the law.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:     New York, New York
           August 7, 2009

                                    Respectfully submitted,


                                    K. E. RICHMAN, ESQ.
                                    *Attorney for Plaintiff*
                                    Law Office of K. E. Richman LLP
                                    875 6th Avenue, 18th Floor
                                    New York, NY 10001
                                    (212) 687-8291